## Daniel Beck *versus* David Beck.

Where the defendant refused to allow the plaintiff's claim to be deducted out of the purchase-money due to him by a third person, when requested so to do at the instance of the plaintiff, saying that the money received by him from the plaintiff was a *present*; that what he owed the plaintiff he would pay to the plaintiff himself, when he needed it, or when his necessities required; *Held*, that this was not an admission that he owed the plaintiff anything, nor such a promise as would take the case out of the Statute of Limitations.

ERROR to the Common Pleas of *Lawrence county*.

The question decided in this case grew out of a proceeding in foreign attachment—in which defendant pleaded the statute of limitations.

The plaintiff alleged that he loaned the defendant, in 1837 or 1838, $100; and proved, that, in 1841, at his request, A. Leimer (the witness) called upon defendant, and requested payment of the demand of plaintiff—that defendant said he could not raise the cash then, and asked for time, and said he would pay with 5 per cent. interest. Andrew, son of defendant, testified that, in 1847, he requested the plaintiff (by letter) to pay a debt which he owed to him, and that plaintiff answered him in 1847, by a request, that he would call on his father, the defendant, and ask him to pay the money which he (the defendant) owed the plaintiff, or make a turn-over with Andrew of the debt, which he owed his father, for purchase-money of land bought of him. His father, the defendant, refused to pay or make the turn-over, and alleged that what money he had received of the plaintiff was a present made to him—that he would pay David himself what he owed to him, if his necessities required it.

The Court below instructed the jury that the declarations made to Andrew Beck, if believed, were sufficient to prevent the operation of the statute, and to entitle the plaintiff to recover.

*McGuffin*, for plaintiff in error.—The promise was to pay when plaintiff *needed* it. The promise to take a case out of the statute must be clear and unconditional: Harbold's Executors *v.* Kuntz, 4 *Harris* 200; Nixon *v.* Bromfield, 2 *Harris* 310; Oakes *v.* Mitchell, 15 *Maine Rep.* 360; Jones *v.* Smart, 6 *B. & C.* 459; Murray *v.* Wheeler, *N. H.* 486; 8 *Shep.* 433; *Miss.* 256; 4 *Dev. & Bat.* 129; 1 *Pet.* 351; 7 *Hill* 45; 3 *Barr* 418; 1 *Richardson* 210; 5 *Shep.* 144; 2 *Pick.* 368; 11 *Wheat.* 310; 1 *H. & Gill* 204; 7 *Halstead* 339; 3 *Wend.* 187; 7 *Verm.* 54; 2 *Jones* 264; 6 *W. & Ser.* 213; Suter *v.* Sheeler, 10 *Harris* 308.

[Beck v. Beck.]

*Johnson, Dana,* and *B. B. Prickett,* for defendants, cited Kensington Bank v. Patton, 2 *Harris* 479; 4 *Barr* 323; Harbold's Executors v. Kintz, 4 *Harris* 210.

When called on first, defendant asked for time, and said he had no money, and promised payment with interest; and, in his conversation with Andrew, promised payment when, or if, plaintiff needed it; and every different statement was mere subterfuge, to get away from the immediate discharge of the debt. *Payment* can only be predicated of a subsisting debt: *American Law Register, October,* 1855. The creditor depositing (or loaning) money determines his own necessities, and the right to withdraw when needed, is implied; and a promise to pay when needed, is equivalent to a promise to pay on demand. The demand was evidence of the necessity.

The opinion of the Court was delivered by

Lewis, C. J.—The demand on which this suit is brought was barred by the statute of limitations, unless taken out of the statute by a new promise within six years. The Court instructed the jury that "the promise of 1848, as testified to by Andrew Beck, if the jury believe the testimony, is sufficient to take the case out of the bar of the statute." Andrew Beck had purchased a place from the defendant, and was indebted for the purchase-money. By directions from the plaintiff, Andrew applied to the defendant to allow the plaintiff's claim to be deducted out of the purchase-money. This the defendant positively refused, saying that the money received from the plaintiff was a present—that what he owed to the plaintiff he would pay to the plaintiff himself when he needed it, or when his necessities required. This was not an admission that he owed the plaintiff anything, nor a promise which assumed the form or the substance of a legal contract to pay him anything. It was a mere indication of intention to repay one kindness by another, when the occasion seemed to require it. This disposes of the first assignment of error. The second is not presented in such a way as to be considered here.

Judgment reversed and *venire facias de novo* awarded.